*J. L. Kaulukou,* for defendant.

---

MANINI SYLVA, KALIKE and Husband KIMO HELE–NIHI, MALIA SYLVA and ANTONE KAAHA SYLVA, a Minor by his Guardian ad litem MANINI SYLVA *vs.* D. W. KAHUAKAI and KAIHIKAPU.

#### EXCEPTIONS.

HEARING, MARCH 26, 1894.          DECISION, APRIL 14, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The evidence on the question whether defendants' occupation of land was adverse and continuous being conflicting, the Court declined to disturb a verdict for the plaintiffs, there being evidence to sustain plaintiffs' contention that defendants' possession was not adverse nor continuous.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of ejectment to recover possession of land at Hoaeae, Ewa, Oahu, granted by Royal Patent number 783 (Land Commission Award 899) to one Kahooweliweli. The case was tried at the last November Term of the Circuit Court, First Circuit, and the jury returned a verdict for the plaintiff with one dollar damages. The case comes to us on exceptions to the verdict as being contrary to the evidence. It appears by the evidence sent up that Kahooweliweli, a native Hawaiian, the patentee, died intestate in 1853 of the small-pox which was epidemic that year. He had been married in 1844 to one Kahana (w) a native and there was born of her during the coverture a daughter named Anehe. This daughter was said by witnesses to be a half white, but the trial judge properly charged the jury that if she was born during wedlock the inference would be that she was the child of Kahooweliweli. No exception was taken to this ruling. At the time of ·Kahooweliweli's death, his daughter Anehe was a very young child, just able to walk and talk. She was taken charge of first by a woman named Mua and then by relatives of her mother who lived at Waialua, and she finally married one Manuel Sylva, known among natives as "Pila." She had by him the plaintiffs, Manini, Kalike, Malia and Antone Kaaha. There is no evidence that Anehe lived on or exercised ownership over the land. Kahooweliweli left also two brothers, Kukahoe and Kepoe, who lived on the land during the lifetime of their brother and continued there after his death. In 1865 Anehe, then married to Manuel Sylva, applied to the Probate Court for letters of administration on the estate of Kahooweliweli. This was resisted by Kepoe in a plea by which, among other things, he alleges that he was in possession of the land, claiming it as his own, and that he and his brother Kukahoe had been in possession for twelve years and that there was nothing of the estate of the decedent to administer upon. The petitioner, Anehe, thereafter withdrew her application. Kepoe

was taken with leprosy and was removed to the asylum at Molokai in 1875, and on the 16th May, 1875, made a deed of this land to the defendant, who was a connection of his, called a "keiki." Defendant claims that his possession of the land was not interrupted since that time until some time in 1892, when the plaintiff Manini began building a small house on the land, which structure defendant tore down and removed. Whether this possession was proven or not makes no difference, for the period from the date of the deed to defendant and his possession of the land under it to the time of the bringing of this action is but eighteen years, which is not sufficiently long under the statute of limitations to succeed as a defense. The Court properly charged the jury in substance that if they were satisfied from the evidence that the plaintiffs were grandchildren of the patentee, through Anehe, patentee's daughter, they need not show that they or their mother had been in possession of the land within twenty years, if no adverse possession was shown. The case then turned upon the question of Kepoe's possession before that of the defendant,—whether it was adverse and continuous, or not.

Here the evidence was conflicting. On the part of the defendant, the fact that Kepoe pleaded in the Probate Court that he had possession of the land is evidence of his assertion of that fact, but as the plea was not proved and the application for administration was voluntarily withdrawn by Anehe, there being no judgment of the Court upon the plea, it was not conclusive evidence of the possession being adverse. There is evidence on the part of the plaintiffs that Kepoe's occupancy merely continued as it had begun as a brother of the decedent, and was not necessarily adverse to the daughter Anehe; also that it was not continuous, but that it was of the nature of occasional cultivation of the lands by tenants upon shares.

The plaintiff Manini produced the original patent for the land and the marriage certificate of the patentee with Kahana, who said that he received them from his mother

Anehe, who said that they were given her by Kepoe. This evidence was admitted without objection and the Court charged that the returning of the title papers to the plaintiff's mother after the case in the Probate Court would be evidence tending to prove a break in the chain of possession. This charge was not excepted to and though argued by counsel as being objectionable as hearsay, is not before us for consideration.

The question as to whether the occupation of Kepoe was adverse and continuous was left to the jury upon the evidence, and there being evidence tending to show that it was not of that character, we cannot disturb the verdict.

Exceptions overruled.

*E. Johnson* and *J. K. Kaulia,* for plaintiffs.

*J. L. Kaulukou,* for defendants.